STATE OF NORTH CAROLINA v. PATRICIA TREANTS

No. 824SC241

(Filed 21 December 1982)

**Searches and Seizures § 19— city police officer executing search within one mile of city limits—proper**

Under G.S. 15A-402 and G.S. 160A-286, a city police officer was acting within his "territorial jurisdiction" when he executed a search of defendant's business premises located outside the city limits but within one mile of the city limits. G.S. 15A-247.

APPEAL by plaintiff from *Strickland, Judge.* Order entered 4 February 1982 in Superior Court, ONSLOW County. Heard in the Court of Appeals 24 September 1982.

On 7 November 1981 a Jacksonville police officer entered defendant's business for the purpose of executing a search of the defendant's business premises located outside the city limits of Jacksonville but within one mile of the city limits of Jacksonville. The defendant was charged with resisting, delaying or obstructing a police officer in the discharge of his duties.

Upon the call of this case for trial in Onslow County District Court and prior to the presentation of any evidence in the case, the district attorney asked the court for a ruling upon the legal question of whether or not a Jacksonville police officer has authority under G.S. § 15A-247 to execute a search warrant outside the city limits of Jacksonville but within one mile of the city limits. After hearing arguments by the district attorney and the

attorney for the defendant, the court ruled that a Jacksonville police officer would have no authority to execute a search warrant outside of the city limits of Jacksonville but within one mile of the city limits of Jacksonville and that the defendant would have the right to resist, delay, and obstruct the Jacksonville police officer in the performance of such an act. The State gave notice of appeal to the Superior Court of Onslow County from the entry of the said order.

When this matter came on for hearing in the Superior Court of Onslow County the judge entered an order affirming the ruling of the Onslow County District Court. From the entry of this order the State objected, excepted, and gave notice of appeal to the North Carolina Court of Appeals.

*Attorney General Edmisten by Assistant Attorney General Daniel C. Oakley for the State.*

*Jeffrey S. Miller, for defendant-appellee.*

MARTIN (Robert M.), Judge.

The State contends that the trial court erred when it dismissed this action on the grounds that the municipal police officer had no authority to execute a search warrant outside the city limits but within one mile thereof. We agree with the State and reverse the trial court's dismissal.

N.C. Gen. Stat. § 15A-247 states that "a search warrant may be executed by any law enforcement officer acting within his territorial jurisdiction, whose investigative authority encompasses the crime or crimes involved." N.C. Gen. Stat. § 15A-402 and N.C. Gen. Stat. § 160A-286 must be analyzed to determine what area the territorial jurisdiction of a municipal law enforcement officer actually encompasses. N.C. Gen. Stat. § 15A-402 defines the territorial jurisdiction of officers to make arrests. It provides that

(b) Territorial Jurisdiction of County and City Officers. —Law enforcement officers of cities and counties may arrest persons within their particular cities or counties and on any property and rights-of-way owned by the city or county outside its limits.

(c) City Officers, Outside Territory.—Law enforcement officers of cities may arrest persons at any point which is one mile or less from the nearest point in the boundary of such city.

N.C. Gen. Stat. § 160A-286 extends the extraterritorial power of city police officers beyond the mere power to arrest found in § 15A-402(c), providing that

In addition to their authority within the corporate limits, city policemen shall have all the powers invested in law-enforcement officers by statute or common law within one mile of the corporate limits of the city, and on all property owned by or leased to the city wherever located. . . .

We understand the language of § 160A-286 to extend the power to execute a search to cover the territory within one mile outside of the corporate city limits, since city police officers already have the power to execute search warrants within the corporate limits. Because the police officer was acting within his "territorial jurisdiction" as extended by § 160A-286, the defendant had no right to resist, delay, or obstruct the search being conducted pursuant to a warrant.

For the foregoing reasons we find that the trial court's order dismissing the State's complaint must be

Reversed.

Judges ARNOLD and WHICHARD concur.