STATE OF NORTH CAROLINA v. TOMMY McNEILL, JR.

No. 8516SC438

(Filed 17 December 1985)

Weapons and Firearms § 2— possession of firearm by felon—exclusion of home—common areas of apartment not included

In N.C.G.S. 14-415.1(a), the statute prohibiting possession of a handgun by a felon, the exception applying to a person in his own home does not encompass common areas of an apartment house such as stairways, hallways and porches.

APPEAL by defendant from McLelland, Judge. Judgment entered 30 January 1985 in Superior Court, ROBESON County. Heard in the Court of Appeals 22 October 1985.

Defendant was indicted for possession of a handgun within five years of conviction of a felony, in violation of G.S. 14-415.1(a). The State's evidence tended to show that on 30 September 1984, Officer Robert L. Moore of the Lumberton Police Department went to a house on Washington Street in response to a disturbance call. When he arrived, he observed defendant and Ophelia Brown fighting in the corridor between the two apartments in the house. Officer Moore observed a shiny object in defendant's right rear pocket. He arrested defendant and removed a .32 caliber pistol from his rear pocket. Officer Moore testified that defendant lived in an apartment on one side of the house; another person

lived in the other apartment. Defendant had been convicted of possession of LSD, a felony, on 30 June 1980.

Defendant's evidence tended to show that he and Ophelia Brown had been arguing, that she had pointed her pistol at him, and that he had taken it from her and put it in his pocket. As he was putting his key in his apartment door, Officer Moore arrested him.

The jury returned a verdict of guilty and the court entered a judgment sentencing defendant to the presumptive term of two years. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General William B. Ray, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Leland Q. Towns, for the defendant.*

MARTIN, Judge.

Defendant assigns error to the denial of his motion to dismiss the charge, contending that the evidence was insufficient to show a violation of G.S. 14-415.1(a) because his possession of the handgun fell within an exception to the statute. We disagree and find no error in the trial.

G.S. 14-415(a) provides as follows:

It shall be unlawful for any person who has been convicted of any crime set out in subsection (b) of this section to purchase, own, possess, or have in his custody, care or control any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches, or any weapon of mass death and destruction as defined in G.S. 14-288.8(c), within five years from the date of such conviction, or the unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such conviction, whichever is later.

Every person violating the provisions of this section shall be punished as a Class I felon.

Nothing in this subsection would prohibit the right of any person to have *possession of a firearm within his own home* or on his lawful place of business. (emphasis added).

The first paragraph of the subsection creates a substantive criminal offense, complete and definite in its description. The third paragraph creates an exception to the offense by excluding from its prohibition the possession of a firearm within one's own home or on his lawful place of business.

Defendant's principal contention is that he was within the statutory exception because he was in the hallway of the duplex house where he resided when he was found in possession of the handgun. We must, therefore, determine whether the exception applies to the common areas of a residential building containing more than one apartment. We hold that it does not. By using the words "within his own home" in the exception, as opposed to some broader terminology, the Legislature clearly expressed its intent to limit the applicability of the exception to the confines and privacy of the convicted felon's own premises, over which he has dominion and control to the exclusion of the public. The manifest purpose of the statute would be defeated if the exception was extended to include common areas of apartment houses to which other tenants and their invitees have access. Therefore, we hold that the exception to G.S. 14-415.1(a), applying to a person in his own home, does not encompass common areas of an apartment house, such as stairways, hallways and porches. *White v. United States*, 283 A. 2d 21 (D.C. 1971); *Hines v. United States*, 326 A. 2d 247 (D.C. 1974); *People v. Wilson*, 332 N.E. 2d 6, 29 Ill. App. 3d 1033 (1975); Annot., 57 A.L.R. 3d 938, 957 (1974 & Supp. 1985).

When a statute creates a substantive criminal offense, complete and definite in its description, and by another provision in the same statute, or by another statute, a certain case or class of cases is excepted, a defendant who is charged with the substantive offense and seeks to avail himself of the exception has the burden of bringing himself within the exception. *State v. Dobbins*, 277 N.C. 484, 178 S.E. 2d 449 (1971); *State v. Connor*, 142 N.C. 700, 55 S.E. 787 (1906). All of the evidence in this case, including defendant's own testimony, shows that defendant was in the common hallway of the duplex, outside his apartment, at the time he was observed to be in possession of the handgun. Therefore, defendant has failed to bring himself within the protection provided by the exception to G.S. 14-415.1(a) and his motion to dismiss was properly denied.

Defendant also attempts to argue that the trial court erred by failing to instruct the jury that in order to convict him, the State was required to prove beyond a reasonable doubt that he was not within his own home when he possessed the handgun. We note initially that defendant did not request the instruction or object to the instruction given by the court. He has, therefore, failed to preserve the issue for review. Rule 10(b)(2), N.C. Rules of Appellate Procedure. He nevertheless contends that he has a right to appellate review of the instruction because the trial court committed "plain error." *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

We find no error in the court's instructions. Absent any evidence that defendant was within the exception of the statute, the State was required to prove only that the defendant possessed a handgun within five years of his conviction of a felony specified in G.S. 14-415.1(b). Defendant's location at the time of the offense would be a substantive issue, requiring negative proof by the State and an instruction by the court, only upon some positive evidence by defendant that defendant's location was within the exception to the statute. *See State v. Dobbins, supra.*

No error.

Judges ARNOLD and WELLS concur.