STATE OF NORTH CAROLINA v. NELSON NASH RIGGS

No. 854SC907

(Filed 18 February 1986)

**1. Criminal Law § 21— motion in limine—denial not prejudicial**

Defendant was not prejudiced by the trial court's denial of his motion *in limine* whereby he sought to ensure that certain evidence would not be brought before the jury before the court held *voir dire*, since defendant retained the right to request *voir dire* during trial.

**2. Criminal Law § 98.2— sequestration of witnesses—denial not abuse of discretion**

The trial court did not abuse its discretion in denying defendant's motion to sequester all witnesses of both the State and the defense where defendant presented no argument to the trial court in support of his motion.

**3. Criminal Law § 92.3— joinder—motion made on day of trial**

There was no merit to defendant's contention that the trial court erred in allowing the State's motion to join all offenses because the motion was made on the day the defendant's trial began.

**4. Criminal Law § 43— photographs of marijuana—admission for illustration**

The trial court did not err in allowing into evidence for illustrative purposes photographs of marijuana purchased by the State's witness from one of defendant's alleged coconspirators.

**5. Narcotics § 4— possession of marijuana with intent to sell—sufficiency of evidence**

Evidence was sufficient to permit the jury to conclude beyond a reasonable doubt that defendant possessed with the intent to sell and deliver 45 pounds of marijuana where it tended to show that a law officer working through an SBI informant arranged to purchase marijuana from defendant's coconspirator; the coconspirator, by numerous phone calls and meetings, arranged to obtain the marijuana from defendant; the coconspirator and defendant drove to the edge of some woods where defendant had hidden approximately 45 pounds of marijuana and loaded the marijuana into the informant's truck; the coconspirator then drove back to the informant's trailer and assisted the law officer in unloading the marijuana; and the substance provided by defendant was submitted to the SBI laboratory and was determined to be marijuana.

**6. Weapons & Firearms § 2— possession of firearm by convicted felon—length of weapon—sufficiency of evidence**

In a prosecution of defendant for possession of a firearm by a convicted felon, there was no merit to defendant's contention that the charge should have been dismissed because the indictment did not allege and the State did not prove all of the essential elements of the firearms charge, to wit, the length of the handgun or firearm allegedly possessed, since defendant was

charged with possession of "a Charter Arms .38 caliber pistol, which is a hand-gun . . ."; assuming N.C.G.S. § 14-415.1 required the State to prove the length of the handgun, the indictment was sufficient to give defendant notice of the offense charged and to allow defendant to prepare his defense; and the State produced at trial the pistol alleged to have been possessed by defendant so that jurors could determined in court the pistol's length.

**7. Constitutional Law § 61— discrimination in selection of petit jury—failure to make prima facie case**

 Defendant failed to make a prima facie case of discrimination in selection of the petit jury where he did no more than allege that the requirement in N.C.G.S. 9-2.1, that the procedure for composing the jury list be available for public inspection in the clerk's office, was violated, and he made no showing or allegation that the violation affected him.

APPEAL by defendant from *Llewellyn, Judge.* Judgment entered 2 September 1983 in Superior Court, DUPLIN County. Heard in the Court of Appeals 3 February 1986.

The defendant was charged in a proper bill of indictment with possession of marijuana with intent to sell and deliver and with the possession of a firearm by a convicted felon. The defendant was found guilty as charged and from a judgment imposing prison sentences of five years for each offense he appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Willie A. Swann, for defendant appellant.*

WEBB, Judge.

[1] The defendant first argues that the trial court erred in summarily denying his motion in limine. We disagree.

In *State v. Ruof,* 296 N.C. 623, 628, 252 S.E. 2d 720, 724 (1979), our Supreme Court stated:

 Generally, a motion in limine seeks to secure in advance of trial the exclusion of prejudicial matter. North Carolina has no statutory provisions for such a motion, and it is rarely if ever used in this State. In those jurisdictions which recognize the motion, however, the uniform rule appears to be that the decision whether to grant the motion is addressed to the trial judge's discretion. (Citations omitted.)

In the instant case, we discern no prejudice resulting from the trial judge's failure to grant defendant's motion in limine. The trial judge was not in a position prior to trial to know the context in which the matter defendant sought to exclude would be presented. Defendant retained his right to object to such testimony when it was offered at trial. We, therefore, hold that the trial judge properly denied defendant's motions.

In this case the defendant sought by motion in limine to ensure that certain evidence would not be brought before the jury before the court held voir dire. As the defendant retained the right to request voir dire during trial we discern no prejudice from denial of this motion.

[2] The defendant next argues that the court erred in denying his motion to sequester all witnesses of both the State and the defense. We disagree. A motion to sequester witnesses is within the trial court's discretion and his ruling thereon will not be disturbed absent a showing of abuse of that discretion. *State v. Woods*, 307 N.C. 213, 297 S.E. 2d 574 (1982). As the defendant presented no argument to the trial court in support of his motion, denial of the motion does not constitute abuse of discretion.

[3] In his next assignment of error the defendant argues that the court erred in allowing the State's motion to join all offenses because the motion was made on the day the defendant's trial began. We disagree.

G.S. § 15A-952 provides in pertinent part:

(b) Except as provided in subsection (d), when the following motions are made in superior court they must be made within the time limitations stated in subsection (c) *unless the court permits filing at a later time*:

. . . .

(6) Motions addressed to the pleadings, including:

. . . .

e. Motions for joinder of related offenses under G.S. 15A-926(c).

Because a motion for joinder is addressed to the trial court's sound discretion, his ruling will not be disturbed absent a showing of abuse of discretion. *State v. Davis*, 289 N.C. 500, 223 S.E. 2d 296, *death sentence vacated*, 429 U.S. 809, 97 S.Ct. 47, 50 L.Ed. 2d 69 (1976). The defendant has made no showing of abuse of discretion or of any resulting prejudice. This assignment of error has no merit.

[4] The defendant next contends that the trial court erred in allowing into evidence for illustrative purposes photographs of marijuana purchased by the State's witness from Raybon Whaley, one of the defendant's alleged coconspirators. The defendant argues that this evidence had no probative value and therefore should have been excluded. We disagree.

It is well settled that a witness may use photographs to illustrate his testimony so long as the photographs are sufficiently accurate. H. Brandis, *Brandis on North Carolina Evidence* § 34 (1982). The witness in this case testified that the photographs fairly and accurately depicted the marijuana about which he had testified. The defendant made no objection to the witness' oral testimony. Furthermore, the defendant was on trial for several offenses, including conspiracy to traffic in marijuana. Testimony concerning the acts of the defendant's alleged coconspirators was relevant to the conspiracy charges. This assignment of error is without merit.

The defendant next argues that the trial court erred in denying his motions for nonsuit on the possession of marijuana and possession of firearms charges. We disagree.

[5] To withstand a motion to dismiss the evidence must be sufficient, when taken in the light most favorable to the State, to permit any rational juror to find every element of the charged offense beyond a reasonable doubt. *State v. Revelle*, 301 N.C. 153, 270 S.E. 2d 476 (1980). The defendant first argues that there was not sufficient evidence to sustain his conviction for possession of marijuana with intent to sell and deliver. The necessary elements of possession of a controlled substance with intent to sell and deliver are (1) the defendant possessed a substance, (2) it was a controlled substance, and (3) the defendant had the intent to sell and distribute the substance. *State v. Casey*, 59 N.C. App. 99, 296 S.E. 2d 473 (1982).

The State in this case presented evidence tending to show that Sergeant Conerly of the Sampson County Sheriff's Department, working through an SBI informant Eithel Grady, arranged to purchase marijuana from Raybon Whaley. Whaley, by numerous phone calls and meetings, arranged to obtain the marijuana from the defendant. Whaley and the defendant drove to the edge of some woods where the defendant had hidden approximately 45 pounds of marijuana and loaded the marijuana into Eithel Grady's truck. Whaley then drove back to Grady's trailer and assisted Sergeant Conerly in unloading the marijuana. The substance provided by the defendant was submitted to the SBI laboratory and was determined to be marijuana. This evidence is sufficient to permit the jury to conclude beyond a reasonable doubt that the defendant possessed with the intent to sell and deliver 45 pounds of marijuana, a controlled substance.

[6]   The defendant also argues that because the indictment did not allege and the State did not prove all the essential elements of the possession of firearms charge, the court erred in denying his motion to dismiss. Again, we disagree.

G.S. 14-415.1 provides in part:

> (a) It shall be unlawful for any person who has been convicted of any crime set out in subsection (b) of this section to purchase, own, possess, or have in his custody, care, or control any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches . . . .

The defendant was charged in an indictment which alleged that the defendant "unlawfully, willfully and feloniously did possess and have in his custody a Charter Arms .38 caliber pistol, which is a handgun . . .," but made no mention of the pistol's length. Assuming for the sake of argument that G.S. 14-415.1 requires the State to prove the length both of handguns and of "other firearm" we believe this indictment is sufficient to give the defendant notice of the offense charged and to allow the defendant to prepare his defense. Furthermore, the State produced at trial the pistol alleged to have been possessed by the defendant so that jurors could determine in court the pistol's length. This assignment of error has no merit.

The defendant next argues that the trial court erred in denying his motion for mistrial because the trial court failed to make findings of fact. We disagree. The denial of a motion for mistrial in a noncapital case rests largely in the trial court's discretion and his ruling thereon, without findings of fact, is not reviewable absent a showing of gross abuse of discretion. *State v. Daye*, 281 N.C. 592, 189 S.E. 2d 481 (1972). This assignment of error has no merit.

[7] Finally the defendant argues that the trial court erred in summarily denying his motion to quash the petit jury. In his motion to quash, the defendant merely alleged that he had been unable to find in the Office of the Clerk of Court the documents required by G.S. 9-2.1. At the time of the defendant's trial G.S. 9-2.1 provided:

> In counties having access to electronic data processing equipment, the functions of preparing and maintaining custody of the list of prospective jurors, the procedure for drawing and summoning panels of jurors, and the procedure for maintaining records of names of jurors who have served, been excused, been delayed in service, or been disqualified, may be performed by this equipment, except that decisions as to mental and physical competency of prospective jurors shall continue to be made by jury commissioners. The procedure for performing these functions by electronic data processing equipment shall be in writing, adopted by the jury commission, and kept available for public inspection in the office of the clerk of court. The procedure must effectively preserve the authorized grounds for disqualification, the right of public access to the list of prospective jurors, and the time sequence for drawing and summoning a jury panel.

The defendant argues that the court should have conducted a hearing on his motion to quash to determine whether the requirements of G.S. 9-2.1(a) were being followed in Duplin County.

With respect to a challenge to the jury list our Supreme Court has held that to establish a prima facie case of violation of the requirement that a jury be composed of persons who represent a fair cross-section of the community, the defendant must document (1) that the group alleged to have been excluded is a distinctive group, (2) that the representation of the group in ques-

tion within the venire is not fair and reasonable with respect to the number of such persons in the community, and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process. *State v. Price*, 301 N.C. 437, 272 S.E. 2d 103 (1980).

In the present case the defendant has done no more than allege that the requirement in G.S. 9-2.1, that the procedure for composing the jury list be available for public inspection in the Clerk's Office, was violated. We hold that the defendant has not made a prima facie case of discrimination. There is nothing in the record to indicate any grounds for charging discrimination. The mere failure to follow the statutory requirement without showing or at least alleging how such failure affects the defendant is not a sufficient basis to quash the jury list. This assignment of error has no merit.

We hold that the defendant had a fair trial free from prejudicial error.

This case, however, must be remanded for sentencing since the court imposed a five year sentence for each conviction of a Class I felony. The presumptive sentence for a Class I felony is two years and the court had no authority to impose a greater sentence without making findings of factors in aggravation. G.S. 15A-1340.4(a).

No error in trial, remanded for sentencing.

Chief Judge HEDRICK and Judge PARKER concur.