STATE OF NORTH CAROLINA v. STEVEN MARK BISHOP aka Keith Darren Williams

No. 9418SC433

(Filed 1 August 1995)

**1. Weapons and Firearms § 11 (NCI4th)— possession of firearm by felon—sufficiency of indictment**

An indictment charging defendant with possession of a firearm by a felon did not need to allege possession away from defendant's home or business, since situs is an exception to the offense, not an essential element; nor did the indictment need to allege that a Florida felony of which defendant was convicted was "substantially similar" to a particular North Carolina crime, since the indictment gave sufficient notice to defendant of the offense charged. N.C.G.S. § 14-415.1.

**Am Jur 2d, Weapons and Firearms § 24.**

**Sufficiency of evidence of possession in prosecution under state statute prohibiting persons under indictment for, or convicted of, crime from acquiring, having, carrying, or using firearms or weapons. 43 ALR4th 788.**

**2. Weapons and Firearms § 12 (NCI4th)— conviction of prior felony—sufficiency of evidence**

The trial court's finding that the crime to which defendant pled guilty in Florida was punishable by a term exceeding two years and was substantially similar to the N.C.G.S. § 14-258.2, along with the fact that the current charge occurred within five years of defendant's release in Florida, satisfied the requirements of N.C.G.S. § 14-415.1(b) and properly allowed defendant to be convicted of possession of firearms by a felon.

**Am Jur 2d, Weapons and Firearms § 24.**

**Sufficiency of prior conviction to support prosecution under state statute prohibiting persons under indictment for, or convicted of, crime from acquiring, having, carrying, or using firearms or weapons. 39 ALR4th 983.**

STATE v. BISHOP

[119 N.C. App. 695 (1995)]

Appeal by defendant from judgment entered 29 January 1993 by Judge William H. Freeman in Guilford County Superior Court. Heard in the Court of Appeals 24 January 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General Valerie B. Spalding, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., and Assistant Appellate Defender J. Michael Smith, for defendant appellant.*

COZORT, Judge.

The jury found defendant guilty of possession of firearms by a felon while being an habitual felon, and Judge William H. Freeman sentenced him to a term of life in prison. Defendant appealed. We find no error.

On 23 October 1991, Sergeant W.C. Barnes of the Greensboro Police Department was searching for a truck as part of an ongoing investigation. Sergeant Barnes radioed Officer S.E. Sanders and instructed him to stop the truck if he located it. Officer Sanders spotted this particular truck and stopped it. Defendant, the passenger, identified himself as "Keith Williams" and produced a North Carolina drivers license bearing that name. Defendant told Sergeant Barnes that the truck belonged to him and handed over registration in the name of Keith Williams.

Detective Chris Frazier was the lead detective on the case Sergeant Barnes had been investigating. Detective Frazier conducted the search after defendant's truck was stopped. Detective Frazier found a leather jacket in the cab with a loaded .38 caliber pistol inside and another jacket in the truck bed containing a loaded .22 caliber pistol. A second .38 caliber pistol was found in a nylon bag, and an unloaded shotgun was discovered behind the driver's seat.

The trial court ruled during pretrial motions that defendant had been convicted of "Possession, Introduction or Removal of Contraband" in Florida. The term of imprisonment for this felony exceeded two years, to which defendant stipulated. The court also ruled that the crime was substantially similar to N.C. Gen. Stat. § 14-258.2, even though the sentence for § 14-258.2 does not exceed two years. As a result of the Florida conviction, defendant was confined in prison until 28 September 1988. Defendant's release was part of a supervised community release program, and he retained the status of prison inmate until his sentence expired on 1 December 1988.

STATE v. BISHOP

[119 N.C. App. 695 (1995)]

At the close of the evidence, the jury found defendant guilty of possession of firearms by a felon, a violation of N.C. Gen. Stat. § 14-415.1. The trial then moved into the habitual felon phase where the State introduced evidence of defendant's four felony convictions in Florida and one felony conviction in Virginia. The jury found defendant guilty of being an habitual felon.

Defendant's appeal is based on three grounds: (1) the indictment was insufficient; (2) the evidence was insufficient to establish each element of the offense; and (3) the instructions to the jury were erroneous. We disagree with defendant's contentions and find no error.

Defendant was indicted for and convicted of. Possession of a Firearm by a Felon, a violation of N.C. Gen. Stat. § 14-415.1, which provides in pertinent part:

(a) It shall be unlawful for any person who has been convicted of any crime set out in subsection (b) of this section to purchase, own, possess, or have in his custody, care, or control any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches, or any weapon of mass death and destruction as defined in G.S. 14-288.8(c), within five years from the date of such conviction, or the unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such conviction, whichever is later.

Every person violating the provisions of this section shall be punished as a Class I felon.

Nothing in this subsection would prohibit the right of any person to have possession of a firearm within his own home or on his lawful place of business.

(b) Prior convictions which cause disentitlement under this section shall only include:

(1) Felonious violations of Articles 3, 4, 6, 7A, 8, 10, 13, 14, 15, 17, 30, 33, 36, 36A, 52A, or 53 of Chapter 14 of the General Statutes, or of Article 5 of Chapter 90 of the General Statutes;

(2) Common law robbery and common law maim; and

(3) Violations of criminal laws of other states or of the United States substantially similar to the crimes covered in subdivisions (1) and (2) which are punishable where committed by imprisonment for a term exceeding two years.

* * * *

(c) The indictment charging the defendant under the terms of this section shall be separate from any indictment charging him with other offenses related to or giving rise to a charge under this section. An indictment which charges the person with violation of this section must set forth the date that the prior offense was committed, the type of offense and the penalty therefor, and the date that the defendant was convicted or plead guilty to such offense, the identity of the court in which the conviction or plea of guilty took place and the verdict and judgment rendered therein.

N.C. Gen. Stat. § 14-415.1 (1993).

The first paragraph of subsection (a) creates a substantive criminal offense, complete and definite in its description. *State v. McNeill*, 78 N.C. App. 514, 516, 337 S.E.2d 172, 173 (1985), *disc. review denied*, 316 N.C. 383, 342 S.E.2d 904 (1986). The third paragraph of the subsection creates an exception to the offense which allows possession within one's home or place of business. *Id.* A defendant who is charged with the substantive offense and seeks to utilize the exception has the burden of bringing himself within the exception. *Id.* Absent any evidence that defendant is within the exception of the statute, the State is required to prove only that defendant possessed a handgun within five years of his conviction of or release from prison for a felony specified in N.C. Gen. Stat. § 14-415.1(b). *McNeill*, 78 N.C. App. at 517, 337 S.E.2d at 174.

[1] Defendant claims that the indictment was invalid because it failed to allege: (1) that possession of the firearm was away from defendant's home or business; (2) that defendant's prior Florida felony was "substantially similar" to a particular North Carolina crime; and (3) to which North Carolina statute the Florida conviction was similar.

The sufficiency of an indictment under N.C. Gen. Stat. § 14-415.1 arose in *State v. Riggs*, 79 N.C. App. 398, 339 S.E.2d 676 (1986). The defendant in *Riggs* challenged the indictment because it did not state the length of the pistol. *Id.* at 402, 339 S.E.2d at 680. We held that the indictment was sufficient even without that element because it gave the defendant notice of the offense charged and allowed defendant to prepare his defense. *Id.*

Omission of the situs of the offense in the present case was not an error because situs is an exception to the offense, not an essential element. Defendant was not within the exception because he did not

present any evidence that the possession occurred at his home or place of business. Omission of a statement that the Florida felony was "substantially similar" to a particular North Carolina crime was not an error because the indictment in the present case gave sufficient notice to defendant of the offense charged and allowed him to prepare his defense. The indictment clearly described the felony committed in Florida, satisfying the requirements of § 14-415.1(b)(3) and properly charging defendant with possession of firearms by a felon.

Most of defendant's contentions regarding the sufficiency of the evidence echo his assignments of error regarding the indictment and were addressed above. The only evidentiary argument that has not been addressed is that the Florida felony conviction would be only a misdemeanor in North Carolina and therefore does not satisfy the statutory requirement.

[2] N.C. Gen. Stat. § 14-415.1(b) lists the prior convictions which bring a person within the statute. Section 14-415.1(b)(3) includes violations in another state which are "substantially similar" to those in (b)(1) and (b)(2) and punishable *where committed* by more than two years in prison. During pretrial motions the court ruled that the crime to which defendant pled guilty in Florida was punishable by a term exceeding two years and that it was substantially similar to N.C. Gen. Stat. § 14-258.2, entitled "Possession of Dangerous Weapons in Prison." Defendant stipulated to the court's ruling. This finding, along with the fact that the current charge occurred within five years of defendant's release in Florida, satisfied the requirements of § 14-415.1(b) and properly allowed defendant to be convicted of possession of firearms by a felon.

Defendant claims the trial court failed to conform the material aspects of the jury charge to the allegations in the indictment. More precisely, defendant asserts that the jury instructions were erroneous because the court added the element of situs in its charge to the jury. As stated above, defendant was not entitled to an instruction on the situs exception because he offered no evidence that the possession occurred at his home or place of business. The fact that the trial court instructed the jury that the State had to prove that the possession occurred outside defendant's home or place of business did not prejudice the defendant in any manner.

Defendant also contends that it was error for the trial court to instruct the jury to find only that defendant was convicted of a felony in Florida in order to satisfy the "substantially similar" requirement of

§ 14-415.1(b)(3). Defendant argues that it should have been a jury question as to whether the Florida felony was "substantially similar" to a North Carolina crime. We disagree. This issue is a question of law which was properly determined by the trial court during pretrial motions. The court properly presented the jury with the question of fact which they properly determined. There was no error in the manner that the court presented this element to the jury.

The indictment in the present case was sufficient, the jury was properly instructed on the elements of the offense, and the evidence was more than adequate to convict defendant of possession of firearms by a felon. There was no error in the defendant's convictions of possession of firearms by a felon and being an habitual felon and his sentence of life in prison.

No error.

Judges MARTIN, John C., and JOHN concur.