STATE OF NORTH CAROLINA, Plaintiff v. MICHAEL LOCKLEAR, Defendant

No. 94-1410

(Filed 2 January 1996)

**1. Constitutional Law § 193 (NCI4th)— same evidence used to support two convictions—judgment arrested on one**

The trial court erred in failing to arrest judgment on the conviction of assault upon a law enforcement officer because the same evidence was relied on to prove the charge of assault with a deadly weapon inflicting serious injury.

**Am Jur 2d, Criminal Law § 279.**

**2. Evidence and Witnesses § 2511 (NCI4th)— statement over-heard by witness—no knowledge of speaker—evidence properly excluded**

The trial court in an assault case did not err in refusing to allow the testimony of a witness who allegedly overheard one of the State's witnesses make a statement inconsistent with his trial testimony, since the witness could not identify the speaker and did not have personal knowledge of his voice. N.C.G.S. § 8C-1, Rule 602.

**Am Jur 2d, Witnesses §§ 178, 180.**

**3. Weapons and Firearms § 10 (NCI4th)— possession of firearm by felon in his own home—defendant not in his home at time of offense**

The trial court did not err in refusing to dismiss a charge of possession of a handgun by a felon based on the exception of N.C.G.S. § 14-415.1(a) which allows a felon to possess a firearm within his own home, since defendant in this case was in the yard of a trailer which he owned but did not live in; he had plainly sur-rendered dominion and control of the property to another family; and it was thus not his "home" within the meaning of the statute.

**Am Jur 2d, Weapons and Firearms §§ 24, 26.**

Appeal by defendant from judgments and commitments entered 13 May 1994 by Judge James C. Spencer, Jr. in Hoke County Superior Court. Heard in the Court of Appeals 3 October 1995.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Robin P. Pendergraft, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Charlesena Elliott Walker, for defendant-appellant.*

LEWIS, Judge.

Defendant was convicted by jury verdict of assault with a deadly weapon inflicting serious injury, assault with a deadly weapon on a law enforcement officer, possession of a handgun by a felon and resisting, delaying or obstructing an officer. Judge Spencer sentenced him to ten years and five years respectively for the assault convic-

tions. The other convictions were consolidated for punishment and a two year sentence was imposed. Defendant appeals.

At trial the State's evidence tended to show that on 29 August 1992 defendant agreed to rent a trailer he owned to the Knight family. On that day he gave them a key and permission to move in immediately. On 3 September 1992 Carol Jane Knight and defendant's girlfriend got into an altercation in which the girlfriend displayed a gun. Deputy Murchison, a member of the Hoke County Sheriff's Department, arrived and after separating the women, focused his attention on defendant who had appeared on the property and taken the gun from his girlfriend. Deputy Murchison testified that since defendant was "very agitated," he attempted to calm him down. Attempting to get him under control, Deputy Murchison grabbed defendant by the arm. Defendant struggled to get free. Deputy McLamb, another member of the Hoke County Sheriff's Department, arrived and joined Deputy Murchison in trying to control defendant. During this struggle, defendant shot Deputy McLamb. Deputy Murchison then fired a shot at defendant.

Defendant testified that he had agreed to rent his trailer but changed his mind the same day once he found out more people were moving in than he had previously understood. He explained that he let the Knight family move in only until they found another place to live. He also testified that he did not shoot Deputy McLamb. Witnesses for the defendant corroborated his testimony by stating that defendant's hands were in the air at the time Deputy McLamb was shot.

We first note that defendant made nineteen assignments of error, only five of which he argues in his brief. The other fourteen are therefore deemed abandoned. N.C.R. App. P. 28(b)(5) (1995).

[1] Defendant first argues the trial court erred in not arresting judgment on the conviction of assault upon a law enforcement officer because the same evidence was relied on to prove both assault convictions. We agree. In reaching this result, we are bound by this Court's decision in *State v. Byrd*, 50 N.C. App. 736, 275 S.E.2d 522, *disc. review denied*, 303 N.C. 316, 281 S.E.2d 654 (1981). In *Byrd*, the defendant was convicted of and sentenced for assault with a deadly weapon inflicting serious injury and assault on a law enforcement officer with a deadly weapon. *Id.* at 737-38, 275 S.E.2d at 523-24. This Court arrested judgment in one of the convictions since the elements of assault on a law enforcement officer are included in the offense of

assault with a deadly weapon inflicting serious injury. *Id.* at 740, 275 S.E.2d at 525. The Court stated, "Although it was not error to charge and try defendant for both offenses, the constitutional guarantee against double jeopardy protects defendant from multiple punishment for the same offense." *Id.* We are bound by our decision in *Byrd* and therefore arrest judgment in the conviction for assault with a deadly weapon on a law enforcement officer.

Defendant next argues that the trial court erred by not permitting him to cross-examine one of the State's witnesses concerning misrepresentations he made on an employment application. We are unable to address this issue since the excluded evidence was not preserved. In order to preserve excluded evidence for appellate review, an offer of proof must be made if the content of the witness' answer cannot be determined by the record. *State v. Hester,* 330 N.C. 547, 555, 411 S.E.2d 610, 615 (1992). In this case, it is unclear from the record what the witness' responses would have been. The only offer of proof made by defendant was his attorney's own statements as to what he believed the witness might say. This is not an offer of proof. "Defense counsel's statements are not adequate to preserve the excluded evidence for our review." *State v. Long,* 113 N.C. App. 765, 768-69, 440 S.E.2d 576, 578, *disc. review denied,* 336 N.C. 317-18, 445 S.E.2d 399 (1994).

[2] In defendant's third argument, he contends that the trial court erred in not allowing testimony of a witness who allegedly overheard one of the State's witnesses make a statement inconsistent with his trial testimony. We disagree. The defense witness was prepared to testify that she and Deputy McLamb were taken to the same hospital the night of the shooting and while there she heard him say that he did not know what happened, although he testified about the evening in detail at trial. However, the defense witness and Deputy McLamb were in different rooms separated by curtains. She was unable to identify him and did not express any familiarity with his voice. The trial judge ruled that there was insufficient identification and sustained the State's objection.

The North Carolina Rules of Evidence state that: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." N.C.R. Evid. 602. In *State v. Riddick,* our Supreme Court allowed a witness to testify as to statements she overheard. 315 N.C. 749, 756-57, 340 S.E.2d 55, 59-60 (1986). However, in that case as distinguished from

the one before us, the witness personally knew the person speaking and lived in the same household. She knew his voice. In this case, the witness could not identify the speaker, nor did she have personal knowledge of his voice. We affirm the trial court's decision to exclude the testimony.

[3] Defendant also argues that the trial court erred in refusing to dismiss the charge of possession of a handgun by a felon. He contends that the exception stated in N.C. Gen. Stat. section 14-415.1(a) which allows felons to possess a firearm "within his own home" applies to his situation. At the time in question defendant was in the yard of a trailer which he owned, but did not live in. In fact, another family was currently living there with his consent. We must decide whether this constitutes his "home" for purposes of applying N.C.G.S. section 14-415.1 (a) We hold that it does not.

In *State v. McNeill*, 78 N.C. App. 514, 337 S.E.2d 172 (1985), *disc. review denied*, 316 N.C. 383, 342 S.E.2d 904 (1986), this court defined the meaning of "home" in the statute:

> By using the words "within his own home" in the exception, as opposed to some broader terminology, the Legislature clearly expressed its intent to limit the applicability of the exception to the confines and privacy of the convicted felon's own premises, over which he has dominion and control to the exclusion of the public.

*Id.* at 516, 337 S.E.2d at 173. Under the facts in the record, defendant had plainly surrendered dominion and control of the trailer property. We hold that it was not his "home" for purposes of N.C.G.S. section 14-415.1 (a) and affirm the trial court's denial of defendant's motion to dismiss.

Judgment arrested in defendant's conviction for assault with a deadly weapon on a law enforcement officer.

Otherwise, no error.

Judges WYNN and MARTIN, Mark D. concur.