WYNN, Judge.
Defendant Corey Tyrone Sneed appeals from judgments of the trial court entered upon jury verdicts finding him guilty of possession of a firearm by a felon and being a habitual felon. Defendant contends the trial court erred in (1) failing to instruct the jury on the exception to section 14-415.1(a) of the North Carolina General Statutes, (2) denying Defendant's motion and renewed motion to dismiss the habitual felon indictment, and (3) failing to consider mitigating factors in sentencing. For the reasons stated herein, we find no error by the trial court. The facts to this case have been previously set forth in the original appeal. State v. Sneed, 161 N.C. App. 331, 588 S.E.2d 74 (2003), rev'd and remanded, 358 N.C. 538, 599 S.E.2d 365 (2004).
Defendant argues in his third and fourth assignments of error that the trial court erred by failing to instruct the jury on possession of a firearm by a felon "on his lawful place of business." N.C. Gen. Stat. § 14-415.1(a) (2003). We do not agree.
This Court has previously held that the third paragraph of section 14-415.1(a) of the North Carolina General Statutes, "creates an exception to the offense by excluding from its prohibition the possession of a firearm within one's own home or on his lawful place of business." State v. McNeill, 78 N.C. App. 514, 516, 337 S.E.2d 172, 173 (1985). When a statute creates a substantive criminal offense, complete and definite in its description, and by another provision in the same statute a certain case is excepted, a defendant who is charged with the substantive offense and seeks to avail himself of the exception has the burden of bringing himself within the exception. Id. If the defendant does not present evidence that he falls in the exception, then the trial court need not instruct the jury on the exception provision of the statute. State v. Dobbins, 277 N.C. 484, 504, 178 S.E.2d 449, 461 (1971).
Defendant argues that the exception regarding possession of a firearm on his lawful place of business should have been instructed to the jury. He contends that the exception stated in section14-415.1(a) of the North Carolina General Statutes which allows felons to possess a firearm "on his lawful place of business" applies to his situation. Police found the firearm under the driver's seat of Defendant's car. Defendant used the car to go to and from his three different businesses and for business purposes. We must decide whether this constitutes "his lawful place of business" for purposes of applying section 14-415.1(a) of the North Carolina General Statutes. We hold that it does not.
The State contends that the "on his lawful place of business" exception should be narrowly interpreted to be consistent with how this Court has interpreted the term "home" in the same exception. McNeill, 78 N.C. App. at 516, 337 S.E.2d at 173 (possession within a hallway of a duplex house where Defendant resided not sufficient to fall within the exception); State v. Locklear, 121 N.C. App. 355, 359, 465 S.E.2d 61, 64 (1996) (possession outside a trailer the defendant owned but did not occupy not sufficient to fall within the exception). We agree with the State that to include a car used for business purposes in the exception would improperly expand the exception.
There being no evidence purporting to bring Defendant within the exception to the statute, the trial court was not required to instruct the jury concerning possession of a firearm in the home or lawful place of business. Dobbins, 277 N.C. at 504, 178 S.E.2d at 461.
Defendant argues in his sixth assignment of error that the trial court erred by denying his motion to dismiss the habitualfelon indictment because one of the prior convictions was also an element of the underlying offense. We disagree.
The State indicted Defendant on the charge possession of a firearm by a felon. The State also indicted Defendant as obtaining the status of a habitual felon. A defendant obtains the status of habitual felon if he has been convicted of or pled guilty to three felony offenses. N.C. Gen. Stat. § 14-7.1 (2003). Defendant contends that the State could not use the same prior felony conviction to charge both possession of a firearm by a felon and habitual felon.
Although not precedent, we note that in an unpublished opinion this Court previously held that the same felony can be used to support both a conviction for possession of a firearm by a felon and habitual felon. State v. Gordon, No. COA02-1575, 2003 N.C. App. LEXIS 1689 (N.C. App. Aug. 19, 2003). In State v. Misenheimer, this Court found that section 14-7.6 of the North Carolina General Statutes did not prohibit the defendant's felony sentence from being enhanced on the grounds that he was a habitual felon, when elements necessary to prove that he was a habitual felon were the same as those elements which were used to support the underlying felony. State v. Misenheimer, 123 N.C. App. 156, 158, 472 S.E.2d 191, 192-93, cert. denied, 344 N.C. 441, 476 S.E.2d 128 (1996). The State may properly use the same felony to prove an element of the possession of a firearm by a felon and as one of the three felonies needed for habitual felon. Therefore, the trial court committed no error. In the seventh and eighth assignments of error, Defendant argues that the trial court abused its discretion by not sentencing Defendant in the mitigated range. Defendant also argues that the trial court erroneously believed Defendant was being sentenced for past crimes, not the current charge. We find no error by the trial court.
Findings in mitigation must be proved by a preponderance of the evidence. State v. Canty, 321 N.C. 520, 523, 364 S.E.2d 410, 413 (1988). The defendant has the burden of proving that mitigating factors are present. State v. Parker, 315 N.C. 249, 255, 337 S.E.2d 497, 500 (1985).
Although the trial court must consider all statutory mitigating factors that are supported by the evidence, the trial court weighs the credibility of the evidence and determines by the preponderance of the evidence whether such factors exist. Canty, 321 N.C. at 523, 364 S.E.2d at 413. Also, the trial judge has wide latitude in determining the existence of mitigating factors. Id. at 524, 364 S.E.2d at 413. To prove that the trial court erred in failing to find a mitigating factor, the evidence must show, "no other reasonable inferences can be drawn from the evidence," id. and that the credibility of the evidence is evident as a matter of law. Parker, 315 N.C. at 255, 337 S.E.2d at 500.
During sentencing, Defendant argued the following mitigating factors: he had ties to the community, a positive employment history, and he volunteered information about the gun to the police. Evidence did indicate that Defendant alerted the police tothe presence of the gun. However, other reasonable inferences could be drawn regarding Defendant's ties to the community and employment history. Also, the trial court could have considered that Defendant unreasonably believed the law did not apply to him. Since the trial court sentenced Defendant in the presumptive range it made no written findings of fact. N.C. Gen. Stat. § 15A-1340.16(c) (2003). There is no evidence that the trial court did not consider the mitigating factors or understand the charge being sentenced. It is properly within the trial court's discretion to determine that the mitigating factors do not outweigh the aggravating ones. Canty, 321 N.C. at 524, 364 S.E.2d at 413. Therefore, we find no error.
Affirmed.
Judges TIMMONS-GOODSON and ELMORE concur.
Report per Rule 30(e).