STATE OF NORTH CAROLINA
v.
NATHANIEL GOODE, Defendant.
No. COA06-630
North Carolina Court of Appeals
Filed February 20, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Thomas G. Meacham, Jr., for the State.
Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Daniel Shatz, for defendant-appellant.
BRYANT, Judge.
Nathaniel Goode (defendant) appeals from judgments dated 10 November 2005, entered consistent with a jury verdict finding defendant guilty of attempted first degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, second degree kidnapping, two counts of assault with a firearm or other deadly weapon on a government official, possession of a stolen firearm, possession of a firearm by a felon, and having attained the status of an habitual felon. For the reasons below, we reverse defendant's convictions for possession of a stolen firearm and possession of a firearm by a felon, but otherwise find defendant received a fair trial free of error.

Facts
On 27 July 2004, law enforcement officers from the Rutherfordton Police Department and the Rutherford County Sheriff's Department responded to a call from Lavette Kelly claiming she was being held hostage in an outbuilding of defendant's home at 183 Laurel Hill Drive, just outside the city limits of Rutherfordton, North Carolina. After a search of the premises, the responding officers discovered Kelly and defendant inside the outbuilding.
Deputy Sheriff Alan Greene was the first officer to enter the outbuilding, followed by Officer Craig Keller. When the officers entered the building through the back door they observed Ms. Kelly on the floor and chained to a pool table. As Detective Green asked Ms. Kelly if anyone else was in the building, defendant appeared from behind the pool table with a rifle pointed at the officers. Detective Greene turned around, told Officer Keller there was a gun, and pushed him out of the building. As the officers were exiting the building, Detective Greene heard a "click" as if defendant had pulled the trigger on the rifle but the bullet failed to fire.
Officers surrounded the building and a few minutes later they heard two shots fired from inside. Shortly thereafter, defendant surrendered to the officers. Ms. Kelly had been shot twice by defendant, once in the back of her head and once in her shoulder.
Inside officers found a .22 caliber rifle and, on the pool table, a Heckler & Koch .40 caliber semi-automatic pistol with two live rounds next to it  a .22 round and a 9 millimeter round. Abullet was lodged inside the rifle. Six spent shell casings were also collected from the floor of the outbuilding. Later tests on the bullets recovered from Kelly's wounds concluded they could have been fired from the pistol found on the pool table, but it could not be determined conclusively that the bullets had in fact been fired from the pistol.

Procedural History
Defendant was indicted by the Rutherford County Grand Jury on 6 June 2005 on charges of: (1) attempted first degree murder; (2) assault with a deadly weapon with intent to kill inflicting serious injury; (3) two counts of assault with a firearm or other deadly weapon on a government official; (4) first degree kidnapping, (5) possession of a stolen firearm; (6) possession of a firearm by a felon; and (7) having attained the status of an habitual felon. This case was tried before a jury during the 31 October 2005 Criminal Session of Rutherford County Superior Court, the Honorable Laura J. Bridges, Judge Presiding.
On 22 November 2005, the jury returned its verdict finding defendant guilty of attempted first degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, two counts of assault with a firearm or other deadly weapon on a government official, second degree kidnapping, possession of a stolen firearm, possession of a firearm by a felon, and having attained the status of an habitual felon. The trial court entered judgments dated 10 November 2005, imposing a sentence of 251 to 311 months imprisonment for attempted murder and six consecutive sentences of 133 to 169 months imprisonment for the remaining charges. Defendant appeals.
Defendant raises the issues of whether the trial court erred by: (I) denying his motion to dismiss the charges for insufficient evidence as to the charges of possession of a stolen firearm, possession of a firearm by a felon, and assault with a firearm or other deadly weapon on a government official; (II) instructing the jury on false, contradictory or conflicting statements by defendant; (III) giving instructions on lesser included offenses as to the attempted murder and felony assault charges which failed to inform the jury when or how they should consider the lesser offenses; and (IV) entering judgment on both attempted murder and assault with a deadly weapon with intent to kill inflicting serious injury.

I
Defendant first argues the trial court erred in denying his motion to dismiss the charges for insufficient evidence as to the charges of possession of a stolen firearm, possession of a firearm by a felon, and assault with a firearm or other deadly weapon on a on a government official. To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "`Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)). We review each of defendants arguments in turn below.

Possession of a Stolen Firearm
The elements of the offense of possession of a stolen firearm are established where the State proves defendant: (1) possessed, (2) a stolen firearm, (3) knowing or having reasonable grounds to know that it was stolen, and (4) possessing it with a dishonest purpose. N.C. Gen. Stat. § 14-71.1 (2005); State v. Raynor, 128 N.C. App. 244, 251, 495 S.E.2d 176, 181 (1998). In the indictment charging defendant with this offense, the State specifically alleged defendant unlawfully possessed the Heckler & Koch .40 caliber pistol which had been stolen from Ronnie Bowen. Defendant contends the State failed to present any evidence that he knew or should have known the pistol was stolen. We agree.
While the State presented sufficient evidence defendant possessed a stolen pistol, the State's only evidence regarding defendant's knowledge that the pistol was stolen was through the testimony of Ms. Kelly. Ms. Kelly testified that, the morning of the shooting, defendant argued with another man and "they started tripping and bringing up the guns that Winslow had found. And he got mad when Winslow had found the stolen guns." This testimony does not establish defendant knew the pistol was stolen, or even that the guns in question were those possessed by defendant. There was no evidence as to when or how defendant came into possession of the pistol. Therefore, the trial court should have dismissed the charge of possession of a stolen firearm and we reverse the conviction on this charge.

Possession of a Firearm by a Felon
At the time defendant was charged with possession of a firearm by a felon, N.C. Gen. Stat. § 14-415.1(a) provided an exception to the offense by stating that "[n]othing in this subsection would prohibit the right of any person to have possession of a firearm within his own home or on his lawful place of business." N.C. Gen. Stat. § 14-415.l(a) (2003) (superseded by 2004 N.C. Sess. Laws ch. 186 § 14.1). This Court has construed the exception for possession of a firearm by a felon narrowly; limited "to the convicted felon's own premises over which he has dominion and control to the exclusion of the public." State v. Cloninger, 83 N.C. App. 529, 532, 350 S.E.2d 895, 897 (1986). Further, "[a] defendant who . . . seeks to utilize the exception has the burden of bringing himself within the exception." State v. Bishop, 119 N.C. App. 695, 698, 459 S.E.2d 830, 832, appeal dismissed, disc. review denied, 341 N.C. 653, 462 S.E.2d 518-19 (1995). "Defendant's location at the time of the offense would be a substantive issue, requiring negative proof by the State . . . only upon some positive evidence by defendant that defendant's location was within the exception to the statute." State v. McNeill, 78 N.C. App. 514, 517, 337 S.E.2d 172, 174 (1985), disc. review denied, 316 N.C. 383, 342 S.E.2d 904 (1986).
It is undisputed that the outbuilding is located directly behind defendant's home. On cross-examination, Detective Mike Davis of the Rutherford County Sheriff's Department stated he asked defendant for permission to search the outbuilding because the outbuilding was defendant's property. This testimony is sufficient positive evidence elicited by defendant to bring defendant under the protection provided by the exception for possession of a firearm by a felon. The burden then fell to the State to produce evidence tending to negate the evidence that the outbuilding was defendant's "own premises." However, no evidence was presented at trial that the outbuilding was not under defendant's dominion and control to the exclusion of the public. Thus, the trial court erred by denying defendant's motion to dismiss the charge of possession of a firearm by a felon and we reverse the conviction on this charge.

Assault with a Firearm or Other Deadly

Weapon on a Government Official
The elements of the offense of assault with a firearm or other deadly weapon on a government official are: (1) an assault; (2) with a firearm or other deadly weapon; (3) on a government official; (4) while the official is engaged in the performance of his duties. N.C. Gen. Stat. § 14-34.2 (2005). Defendant first argues there was insufficient evidence that Officer Keller was performing a duty of his office at the time of the assault against him. The incident at hand occurred just outside the city limits of Rutherfordton, North Carolina and defendant argues the State failed to present any evidence that investigating incidents outside the city limits was part of Officer Keller's duties as a Rutherfordton Police Officer. We disagree.
N.C. Gen Stat. § 15A-402(c) states that "[l]aw-enforcement officers of cities may arrest persons at any point which is one mile or less from the nearest point in the boundary of such city." N.C. Gen. Stat. § 15A-402(c) (2005). Further, "N.C. Gen. Stat. § 160A-286 extends the extra territorial power of city police officers beyond the mere power to arrest found in § 15A-402(c)[.]" State v. Treants, 60 N.C. App. 203, 205, 298 S.E.2d 438, 439 (1982); see also N.C. Gen. Stat. § 160A-286 (2005) ("In addition to their authority within the corporate limits, city policemen shall have all the powers invested in law-enforcement officers by statute or common law within one mile of the corporate limits of the city[.]"). Officer Keller testified defendant's house was less than one mile outside of the Rutherfordton city limits. Therefore, Officer Keller possessed the statutory right as a city law enforcement officer to be at defendant's residence and effect his arrest and he had an official presence at the crime scene. This assignment of error is overruled.
Defendant also argues that the evidence at trial established the rifle defendant pointed at Deputy Sheriff Greene and Officer Keller was incapable of firing, and therefore the State failed to present sufficient evidence that defendant assaulted the officers with "a firearm or any other deadly weapon." However, unlike the offense of robbery with firearms or other dangerous weapons, there is no requirement under N.C. Gen. Stat. § 14-34.2 that the officer's life be endangered or threatened by the firearm or deadly weapon. Compare N.C. Gen. Stat. § 14-34.2 (2005), and N.C. Gen. Stat. § 14-87 (2005). The offense of assault with a firearm or other deadly weapon on a government official criminalizes the use of a firearm in conjunction with an assault on a government official; whether the firearm functions properly during the assault is immaterial. This Court has held that "[a]n assault is an overt act or attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or violence must be sufficient to put a person of reasonable firmness in fear of immediate physical injury." State v. Childers, 154 N.C. App. 375, 382, 572 S.E.2d 207, 212 (2002) (citation and quotations omitted).
Here, defendant pointed a .22 caliber rifle at the officers, who immediately turned and fled. As the officers were exiting the building, they heard a "click" as if the rifle's trigger had been pulled and the round failed to fire. Viewed in the light most favorable to the State, the evidence in the instant case was sufficient to sustain a conviction of assault with a firearm or other deadly weapon on a government official. This assignment of error is overruled.

II
Defendant next argues the trial court erred by instructing the jury regarding false, contradictory or conflicting statements made by defendant. In its charge to the jury, the trial court gave the following instruction: The State contends and the defendant denies that the defendant made false, contradictory or conflicting statements. If you find that the defendant made such statement[s], they may be considered by you as circumstances tending to reflect the mental process of a person possessed of a guilty conscious seeking to divert suspicion or exculpate himself.
And you should consider that evidence along with all other believable evidence in this case. However, if you find that the defendant made such statements, they do not create a presumption of guilt, and such evidence standing alone is not sufficient to establish guilt. Such evidence may not be considered as tending to show premeditation and deliberation.
Defendant argues that the State is not entitled to such an instruction given solely in response to a defendant's trial testimony denying a purported confession and denying guilt. However, the North Carolina Supreme Court has held that such an instruction "is proper not only where defendant's own statements contradict each other but also where defendant's statements flatly contradict the relevant evidence." State v. Walker, 332 N.C. 520, 538, 422 S.E.2d 716, 726 (1992), cert. denied, 508 U.S. 919, 124 L. Ed. 2d 271 (1993).
Here, the evidence showed that on the day of the crime, defendant gave a statement to Randy Greenway, then Chief of the Rutherfordton Police Department. In this statement defendant admitted that he chained Ms. Kelly to the pool table and that he shot her with the intent to kill her. At trial, however, defendant testified that Ms. Kelly voluntarily put the chains on herself, that she was not chained to the pool table, and that his shooting of Ms. Kelly was entirely accidental. Thus, defendant made statements that contradicted both his own statements and the relevant evidence on substantive issues. This assignment of error is overruled.

III
Defendant also argues the trial court erred in giving instructions on lesser included offenses as to the attempted murder and felony assault charges which failed to inform the jury when or how they should consider the lesser offenses. Defendant did not object to these instructions at the time they were given and, therefore, must show that the trial court committed plain error. State v. Roache, 358 N.C. 243, 309, 595 S.E.2d 381, 423 (2004). "In deciding whether a defect in the jury instruction constitutes `plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." State v. Bell, 359 N.C. 1, 23, 603 S.E.2d 93, 109 (2004) (citation and quotations omitted), cert. denied, 544 U.S. 1052, 161 L. Ed. 2d 1094 (2005).
Defendant concedes that the trial court's instructions to the jury correctly define the differences in the elements between the greater and lesser offenses regarding the charges of attempted murder, assault on a government official with a firearm or other deadly weapon, and assault with a deadly weapon with intent to kill inflicting serious injury. Defendant argues, however, the instructions fail to inform the jury how to properly consider the lesser included offenses. After a review of the entire record before this Court and considering the jury instructions as a whole, we find the trial court did not commit plain error in its instructions to the jury regarding the lesser included offenses of attempted murder, assault with a firearm or other deadly weapon on a government official, and assault with a deadly weapon with intent to kill inflicting serious injury. This assignment of error is overruled.

IV
Defendant lastly argues the trial court erred by imposing judgments against him for the offenses of attempted murder and assault with a deadly weapon with intent to kill inflicting serious injury, in violation of his right to be free from double jeopardy and in violation of state law. Defendant, however, concedes that there is controlling case law holding directly against his position which we are bound to uphold. See State v. Tirado, 358 N.C. 551, 579, 599 S.E.2d 515, 534 (2004) (holding the offenses of attempted first-degree murder and assault with a deadly weapon contain at least one element not included in the other and therefore a conviction on both charges does not subject the defendant to double jeopardy), cert. denied sub nom, Queen v. North Carolina, 544 U.S. 909, 161 L. Ed. 2d 285 (2005); State v. Ramirez, 156 N.C. App. 249, 259, 576 S.E.2d 714, 721 (holding the North Carolina Legislature did not abrogate the common-law offense of attempted murder with the statutory offense of assault with a deadly weapon with intent to kill inflicting serious injury), disc. review denied, 357 N.C. 255, 583 S.E.2d 286, cert. denied, 540 U.S. 991, 157 L. Ed. 2d 388 (2003). This assignment of error is overruled. No error in part; reversed in part.
Judges McGEE and ELMORE concur.
Report per Rule 30(e).