STATE OF NORTH CAROLINA v. EDWARD DANIEL CLONINGER

No. 8627SC648

(Filed 16 December 1986)

1. Weapons and Firearms § 1— possession of handgun by felon—length of barrel

Proof of barrel length or overall length is not an essential element of possession of a handgun within five years after conviction of a felonious offense under N.C.G.S. § 14-415.1 because the statutory measurements language applies to firearms other than handguns.

**2. Weapons and Firearms § 1— possession of handgun by felon—exception for home or business—not applicable to motel**

The statutory exception for possession of a firearm by a felon within his own home or his lawful place of business does not apply to the common areas of a motel because the legislature intended to limit the exception to the convicted felon's own premises over which he has dominion and control to the exclusion of the public. N.C.G.S. § 14-415.1.

APPEAL by defendant from *Sitton, Judge*. Judgment entered 5 February 1986 in Superior Court, GASTON County. Heard in the Court of Appeals 8 December 1986.

This is a criminal case in which defendant was charged in a proper bill of indictment with possession of a handgun within five years after conviction of a felonious offense in violation of G.S. 14-415.1.

The evidence tends to show the following: The defendant was convicted of a felony or felonies and sentenced to a three year term of imprisonment on 6 August 1984. On 19 July 1985, shortly after his release from prison, defendant rented a motel room on the second floor of the Carolina Motel in Gastonia, North Carolina. Gastonia City police officers, who had a warrant to search defendant's motel room, observed defendant leave a room on the first floor of the motel and walk about the premises. A detective saw defendant deposit a dark object in a bush approximately sixty feet from the motel office in a common area of the property. Defendant then retrieved the object from the bush and was followed to the second level of the motel. There he was confronted by the detective, who determined that the object in defendant's possession was an automatic pistol.

The jury found defendant guilty as charged. From a judgment imposing a prison sentence of five years, defendant appealed.

*Attorney General Thornburg, by Assistant Attorney General Dolores O. Nesnow, for the State.*

*Childers, Fowler & Childers, by David C. Childers, for defendant-appellant.*

EAGLES, Judge.

Defendant's assignments of error are based upon the trial court's denial of his motion to dismiss at the close of the State's evidence. Specifically, defendant presents two questions for review: (1) Whether the State failed to prove an essential element of the offense charged in that it offered no evidence that the barrel length of the handgun found in defendant's possession was less than 18 inches, or its overall length was less than 26 inches; and (2) whether the evidence showed that defendant's conduct came within the language of the statute which allows all persons to possess firearms within their own homes.

[1] With respect to the first issue, we hold that proof of barrel length or overall length is not an essential element of the offense under the facts of this case. The indictment charges the defendant with possession of a ".380 caliber automatic pistol, serial No. B42742Y, which is a handgun. . . ." G.S. 14-415.1 provides, in pertinent part:

> It shall be unlawful for any person who has been convicted of any crime set out in subsection (b) of this section to purchase, own, possess, or have in his custody, care, or control *any handgun* or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches, or any weapon of mass death and destruction as defined in G.S. 14-288.8(c), within five years from the date of such conviction. . . . [Emphasis added.]

We do not construe the statutory measurements language as being applicable to handguns. Had the General Assembly not intended a distinction between handguns and other firearms, its use of both words would be redundant. It is a well settled principle of statutory construction that words of a statute will not be deemed redundant if they can be construed so as to add to the statute something in harmony with its purpose. *See In re Watson*, 273 N.C. 629, 161 S.E. 2d 1 (1968). Because the defendant was charged with possession of a handgun, the State was not required to prove its length. The specified measurements are qualifying words which distinguish those firearms, other than handguns, which are also covered by the statute.

[2] The second issue raised by the defendant is whether the trial court should have applied the quoted language of G.S. 14-415.1:

"Nothing in this subsection would prohibit the right of any person to have possession of a firearm within his own home or on his lawful place of business."

Defendant contends that the Court should liberally construe the word "home" to encompass not only his motel room, but also the premises of the motel. The statutory exception, however, does not apply to the common areas of a motel. As we stated in *State v. McNeill*, 78 N.C. App. 514, 337 S.E. 2d 172 (1985), *disc. rev. denied*, 316 N.C. 383, 342 S.E. 2d 904 (1986), the legislature intended to limit the exception to the convicted felon's own premises over which he has dominion and control to the exclusion of the public.

No error.

Judges BECTON and PHILLIPS concur.