STATE OF NORTH CAROLINA v. JAMI TOR ALLAH

No. COA04-391

(Filed 18 January 2005)

**1. Firearms and Other Weapons— possession by felon—no restoration of rights**

The Court of Appeals denied a motion for appropriate relief which sought to set aside defendant's conviction for possession of a firearm by a felon on the ground that his right to possess a firearm had been restored. Under N.C.G.S. § 14-415.1(b)(1), as amended, there is no time bar and no provision for restoration.

**2. Firearms and Other Weapons— possession by felon—place of business exception—not applicable**

A felon's possession of a firearm did not fall within the place of business exception where defendant, a truck driver, was an independent contractor who confronted the owner of a trucking company at that company. Defendant had no proof that he had dominion and control to the exclusion of the public and admitted that another owned the company.

**3. Constitutional Law— effective representation—advising defendant to accept guilty plea**

Defendant was not deprived of the effective assistance of counsel where he was advised to plead guilty to possession of a firearm by a felon. Defendant's contentions of error regarding that charge were without merit as a matter of law.

**4. Constitutional Law— presumption of innocence—instruction**

Defendant was not deprived of his constitutional presumption of innocence by the statutorily required instruction not to form an opinion before deliberations or by the court not giving the Pattern Jury Instruction on presumption of innocence. The court instructed the jury clearly on the State's burden of showing guilt beyond a reasonable doubt.

**5. Sentencing— prior record points—only one of eight contested—harmless**

Any error in the assignment of record points when sentencing defendant was harmless where defendant takes issue with only one of eight prior points; assuming that point was erroneously

assessed, defendant would still have been assigned the same record level.

**6. Constitutional Law— double jeopardy—discharging a weapon into occupied property—assault with a deadly weapon**

Discharging a weapon into occupied property and assault with a deadly weapon inflicting serious injury are separate offenses with unique elements which do not place defendant in double jeopardy.

**7. Sentencing— mitigating factors not found—presumptive range**

The lack of findings on mitigating factors was not error despite there being mitigating evidence where all of defendant's sentences were in the presumptive range.

**8. Sentencing— overlapping presumptive and aggravated range—aggravating factor not found**

Imposing a sentence within the aggravated range without findings in aggravation was not error where defendant was sentenced to a term within an overlap between the presumptive and aggravated ranges.

Appeal by defendant from judgments entered 27 August 2003 by Judge Frank R. Brown in Washington County Superior Court. Heard in the Court of Appeals 17 November 2004.

*Attorney General Roy A. Cooper, III, by Assistant Attorneys General David J. Adinolfi, II and Rudy Renfer, for the State.*

*Everett & Hite, L.L.P., by Stephen D. Kiess, for defendant-appellant.*

HUNTER, Judge.

Jami Tor Allah ("defendant") appeals from judgments dated 27 August 2003 entered consistent with a jury verdict finding him guilty of assault with a deadly weapon with intent to kill inflicting serious injury and discharging a weapon into occupied property, and a guilty plea to possession of a firearm by a felon.

The evidence tends to show that on 24 November 2002, defendant confronted Ronald Toppin ("Toppin"), the owner of Faith Transportation Company. Defendant, an independent semi-tractor

STATE v. ALLAH

[168 N.C. App. 190 (2005)]

operator, was seeking payment from Toppin following a vehicular accident in which defendant had been involved in Virginia on 23 November 2002. Defendant arrived carrying a .32 or .38 caliber revolver and approached Toppin in the dispatch area of the office. After discussing his payment, defendant began firing his weapon at Toppin, who was wounded by the gunfire. Defendant fled towards the rear of the establishment, continuing to fire his weapon. Defendant then exited the building, and was seen firing at the building with a firearm described as a .22 or .25 caliber slide-action semi-automatic.

Toppin contacted 911 and was transported to the hospital, during which time he identified defendant as his assailant. Defendant called 911 to turn himself in, and was taken into custody by the Williamston police. A .32 caliber handgun was found in defendant's possession when he was taken into custody, but the semi-automatic handgun was not recovered. Defendant testified at trial that he acted in self-defense, but admitted on cross-examination that he did not see a firearm in Toppin's possession.

Defendant was convicted by jury verdict of assault with a deadly weapon with intent to kill inflicting serious injury and discharging a weapon into occupied property. Prior to trial, defendant had entered a plea of guilty to possession of a firearm by a felon. The trial court found defendant to be a prior record level III and sentenced defendant to consecutive sentences of 116 to 149 months for assault with a deadly weapon with intent to kill inflicting serious injury, thirty-four to fifty months for discharging a weapon into occupied property, and sixteen to twenty months for possession of a firearm by a felon. Defendant appeals.

The issues in this case are whether: (1) defendant's conviction for possession of a firearm should be vacated, (2) the trial court deprived defendant of his constitutional right to a presumption of innocence, (3) the trial court erred in finding eight record points in sentencing defendant, (4) the trial court erred in imposing judgment for both assault with a deadly weapon with intent to kill while inflicting serious injury and discharging a weapon into occupied property, (5) the trial court erred in failing to find whether the offenses were mitigated, and (6) the trial court committed reversible error in imposing an aggravated sentence without making any findings in aggravation.

I.

[1] By his first assignment of error, and in a separate motion for appropriate relief, defendant contends the conviction for possession

of a firearm by a felon should be vacated as a matter of law, as defendant's right to possession of a firearm had been restored prior to the date of the alleged offense, and as the prohibition on possession was inapplicable to defendant at his place of business. We disagree.

N.C. Gen. Stat. § 14-415.1(a) (2003) prohibits possession of a firearm by a convicted felon except within his own home or lawful place of business. The statute further specifies that prior convictions which cause disentitlement include felony convictions in North Carolina that occurred before, on, or after 1 December 1995. N.C. Gen. Stat. § 14-415.1(b)(1). The statute, amended in 1995, contains no time bar for possession of a firearm and includes no provisions for restoration of the right to possess a firearm by a convicted felon. *See State v. Gaither*, 161 N.C. App. 96, 103, 587 S.E.2d 505, 510 (2003).

Here, defendant pled guilty to the charge of possession of a firearm by a felon. Defendant had a felony conviction prior to 1 December 1995, and as a result had no right to possess a firearm outside his home or place of business under N.C. Gen. Stat. § 14-415.1. Defendant's argument supported by superceded case law is without merit and the motion for appropriate relief is denied.

**[2]** Defendant further contends that his possession of a firearm is exempted under N.C. Gen. Stat. § 14-415.1 because it occurred at his place of business. "A defendant who is charged with the substantive offense and seeks to utilize the exception has the burden of bringing himself within the exception." *State v. Bishop*, 119 N.C. App. 695, 698, 459 S.E.2d 830, 832 (1995). This Court has construed the exception for possession of a firearm by a felon narrowly, limited "to the convicted felon's own premises over which he has dominion and control to the exclusion of the public." *State v. Cloninger*, 83 N.C. App. 529, 532, 350 S.E.2d 895, 897 (1986).

Here, Toppin testified that he owned Faith Transportation and that all drivers were independent contractors. Defendant provided no proof that Faith Transportation was his place of business where he had dominion and control to the exclusion of the public, and in fact testified that Toppin owned Faith Transportation. Defendant therefore failed to meet the burden to bring himself within the exception, and thus the assignment of error is without merit.

**[3]** Defendant finally contends ineffective assistance of counsel in pleading guilty to the charge of possession of a firearm by a felon. In

order to reverse a conviction on the basis of ineffective assistance of counsel, a defendant must show that the counsel's conduct fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693 (1984). Defendant must show first that counsel's performance was deficient and second that the deficient performance prejudiced the defendant in a manner so serious as to deprive the defendant of a fair trial. *Id.* at 687, 80 L. Ed. 2d at 693.

As defendant's assignment of error to the charge of possession of a firearm by a felon is without merit as a matter of law, defendant fails to show that counsel's performance in advising defendant to enter a plea of guilty was deficient. Therefore defendant's claim of ineffective assistance of counsel is overruled.

II.

[4] Defendant next contends the trial court deprived defendant of his constitutional right to presumption of innocence by instructing the jury not to form an opinion as to defendant's guilt or innocence. We disagree.

N.C. Gen. Stat. § 15A-1236(a)(3) (2003) instructs the trial judge at appropriate times to admonish the jury "[n]ot to form an opinion about the guilt or innocence of the defendant, or express any opinion about the case until they begin their deliberations[.]" *Id.*

Here, the trial court instructed the jury under N.C. Gen. Stat. § 15A-1236(a) not to discuss the case, speak with parties, witnesses, or counsel, or form an opinion about defendant's guilt or innocence on three occasions, all before the court was about to recess. The trial court's adherence to the statutory language almost verbatim cannot be found as error. *See State v. Harrington*, 335 N.C. 105, 118, 436 S.E.2d 235, 242 (1993) (holding that an instruction for a jury to keep an open mind, in context, is proper and contains no expression of opinion about any question to be decided by the jury or about the weight of the evidence). Therefore defendant's assignment of error is without merit.

Defendant additionally presents arguments regarding the propriety of the trial court's jury instructions, contending that the trial court's failure to instruct the jury on presumption of innocence pursuant to the Pattern Jury Instruction further deprived defendant of his right to presumption of innocence. Our courts have previously

STATE v. ALLAH

[168 N.C. App. 190 (2005)]

noted that a judge's failure to instruct on presumption of innocence is not error when the trial court has clearly defined the offense and placed the burden of proof beyond a reasonable doubt upon the State to find the defendant guilty. *See State v. Perry*, 226 N.C. 530, 534, 39 S.E.2d 460, 464 (1946); *State v. Bowser*, 214 N.C. 249, 254, 199 S.E. 31, 34 (1938); *State v. Herring*, 201 N.C. 543, 548-49, 160 S.E. 891, 894 (1931).

Here, the trial court instructed the jury:

> In these cases, the defendant has entered pleas of "not guilty". The fact that he has been charged is no evidence of guilt. Under our system of justice, when a defendant pleads "not guilty", he is not required to prove his innocence; he has denied the charges pending against him. It becomes the obligation of the prosecution to prove the defendant's guilt, to prove it beyond a reasonable doubt, and that means that after you've heard all of the evidence in these cases, you must, and I repeat, you must find the defendant not guilty unless you decide that the guilt of the defendant has been proven not by a probability, not to a reasonable certainty, nor to any lesser standard, but beyond a reasonable doubt.

Such an instruction is not error when the trial court clearly instructed the jury as to the burden of proof upon the State to show guilt beyond a reasonable doubt. As we do not find the trial court deprived defendant of his constitutional right to presumption of innocence by its instructions, this error is overruled.

### III.

[5] Defendant next contends the trial court erred in assigning defendant a prior record level III after erroneously finding defendant had eight record points. We disagree.

A Prior Record Level III is assigned for at least five but no more than eight points. *See* N.C. Gen. Stat. § 15A-1340.14(c) (2003). Defendant takes issue with only one of the eight prior record points found by the trial court, based on the trial court's allegedly erroneous finding that all the elements of defendant's present offense were included in a prior offense. *See* N.C. Gen. Stat. § 15A-1340.14(b)(6). Assuming *arguendo* the one point was erroneously assessed, defendant would still have seven prior record points and would have properly been assigned a prior record level of III. As removal of the prior record point would not change defendant's prior record level, this

error is therefore deemed harmless. *See State v. Adams*, 156 N.C. App. 318, 324, 576 S.E.2d 377, 381-82 (2003).

## IV.

**[6]** Defendant next contends the trial court erred in imposing judgment for both assault with a deadly weapon with intent to kill while inflicting serious injury and discharging a weapon into occupied property, as such convictions violated defendant's right to be free from double jeopardy. We disagree.

"It is an ancient and basic principle of criminal jurisprudence that no one shall be twice put in jeopardy for the same offense." *State v. Hicks*, 233 N.C. 511, 516, 64 S.E.2d 871, 875 (1951). In determining whether two indictments are for the same offense, our courts have used the " 'same-evidence test.' " *Id*. The same evidence test holds that there must be at least partial reciprocity of the required elements of an offense for it to be the same at law as another offense. In *State v. Hill*, our Supreme Court further explained this rule.

> " 'Therefore, in proving the required elements A, B, and C under one statute in the first indictment, and in proving the required elements A, B, and D under another statute in the second indictment, one will not run afoul of the former jeopardy rule. C, an element of the first is not an element of the second. D, an element of the second, is not an element of the first indictment. Therefore each offense required proof of an element which the other did not.' "

*State v. Hill*, 287 N.C. 207, 215, 214 S.E.2d 67, 73 (1975) (citations omitted) (emphasis omitted).

> In *State v. Shook*, the Supreme Court of North Carolina held that:

> It is manifest that the two offenses . . . (1) discharging a firearm into an occupied building and, (2) assault with a deadly weapon inflicting serious injury, are entirely separate and distinct offenses. To prove the one, the state must show that defendant fired into an occupied building, an element which need not be shown to support the second charge. Likewise to prove the second charge, it must show the infliction of serious injury, which is not an element of the first charge.

*Shook*, 293 N.C. 315, 320, 237 S.E.2d 843, 847 (1977). As discharging a weapon into occupied property and assault with a deadly weapon inflicting serious injury are separate offenses with unique elements

which do not place defendant in double jeopardy, this assignment of error is without merit.

## V.

**[7]** Defendant next contends the trial court erred in failing to find whether the offenses were mitigated, as evidence presented to the court would have permitted the finding of numerous mitigating factors. We disagree.

N.C. Gen. Stat. § 15A-1340.16 (2003) governs the imposition of aggravated and mitigated sentences. N.C. Gen Stat.§ 15A-1340.16(c) states that: "The court shall make findings of the aggravating and mitigating factors present in the offense only if, in its discretion, it departs from the presumptive range of sentences specified in G.S.15A-1340.17(c)(2). Findings shall be in writing." *Id.* "Since the court may, in its discretion, sentence defendant within the presumptive range without making findings regarding proposed mitigating factors," this Court has found no error in the failure to make such findings. *State v. Ramirez*, 156 N.C. App. 249, 258-59, 576 S.E.2d 714, 721 (2003).

Here, the trial court sentenced defendant for the charge of assault with a deadly weapon with intent to kill inflicting serious injury, a Class C felony, to a minimum sentence of 116 months. The presumptive range for a Class C felony with Prior Record Level III is 93-116 months. *See* N.C. Gen. Stat. § 15A-1340.17 (2003). The trial court sentenced defendant for the charge of discharging a weapon into occupied property, a Class E felony, to a minimum sentence of thirty-four months. The presumptive range for a Class E felony with Prior Record Level III is twenty-seven to thirty-four months. *Id.* Finally, the trial court sentenced defendant for the charge of possession of a firearm by a felon, a Class G felony, to a minimum sentence of sixteen months. The presumptive range for a Class G felony with Prior Record Level III is thirteen to sixteen months. *Id.* As defendant was sentenced for all offenses in the presumptive range, the trial court did not err in failing to make findings as to mitigating factors.

## VI.

**[8]** Finally, defendant contends the trial court committed reversible error in imposing an aggravated sentence without making any findings in aggravation. Defendant asserts that because defendant was given a minimum sentence which falls in both the presump-

tive and aggravated ranges, a finding of aggravation was required. We disagree.

This question has been previously addressed by this Court. *See Ramirez*, 156 N.C. App. 249, 576 S.E.2d 714. In *Ramirez*, the defendant argued it was error to sentence within an overlapping range between a presumptive and aggravated sentence without a finding of an aggravated factor. *Id.* at 259, 576 S.E.2d at 721. The Court in *Ramirez* found "[t]he fact that the trial court could have found aggravating factors and sentenced defendant to the same term does not create an error in defendant's sentence[,]" and held that the statute was not ambiguous as a result of the overlap. *Id.* In accord with the holding in *Ramirez*, defendant was properly sentenced within the presumptive range and the trial court did not err in failing to find aggravating factors.

For the reasons stated herein, we find no error.

No error.

Judges CALABRIA and STEELMAN concur.