STATE OF NORTH CAROLINA
v.
NAJEE JAMES, Defendant

No. COA12-1089

Filed 19 March 2013

1. **Kidnapping—second-degree—sufficient evidence—acting in concert**

    The trial court did not err in a second-degree kidnapping case by denying defendant's motion to dismiss. There was sufficient evidence that defendant acted in concert with his cousin to perpetrate the charged crimes and was not merely present.

2. **Robbery—with a dangerous weapon—sufficient evidence—use of a firearm**

    The trial court did not err in a robbery with a dangerous weapon case by denying defendant's motion to dismiss. There was sufficient evidence that defendant or his cousin used a firearm to induce one of the victims to give up her purse.

3. **Appeal and Error—preservation of issues—juror's inappropriate comment**

    Defendant's argument that the trial court abused its discretion in a second-degree kidnapping and robbery with a dangerous weapon case by failing to dismiss a juror after he made an inappropriate

STATE v. JAMES

[226 N.C. App. 120 (2013)]

comment outside of the jury room after deliberations had started was not preserved for appellate review and was dismissed.

**4. Sentencing—failure to consider mitigating factors—presumptive range**

The trial court did not err or abuse its discretion by failing to consider evidence supporting the mitigating factors of age, immaturity or limited mental capacity when sentencing defendant. Defendant was sentenced within the presumptive range for each conviction.

**5. Appeal and Error—insufficient record on appeal—ineffective assistance of counsel—dismissed without prejudice**

The evidence in the record on appeal was insufficient to support defendant's claim that he received ineffective assistance of counsel when his trial counsel failed to procure the assistance of an expert psychologist. The claim was dismissed without prejudice to defendant's right to reassert it through a motion for appropriate relief.

Appeal by defendant from judgments entered 11 January 2012 by Judge Stuart Albright in Superior Court, Guilford County. Heard in the Court of Appeals 28 February 2013.

*Attorney General Roy A. Cooper, III by Assistant Attorney General Ward Zimmerman, for the State.*

*Unti & Lumsden LLP by Sharon L. Smith, for defendant-appellant.*

STROUD, Judge.

Najee James ("defendant") appeals from judgments entered on 11 January 2012. He argues that the trial court erred in denying his motion to dismiss the charges against him because there was insufficient evidence that he acted in concert with Ray Stimpson, defendant's cousin, to commit armed robbery and kidnapping, as well as insufficient evidence as to one of the counts of armed robbery. Defendant further argues that the trial court erred in not dismissing a juror who made an inappropriate remark during deliberations and in not making findings as to a proposed mitigating factor. Defendant finally contends that he received ineffective assistance of counsel. For the following reasons, we find no error at defendant's trial and dismiss his ineffective assistance claim without prejudice.

**STATE v. JAMES**

[226 N.C. App. 120 (2013)]

## I. Background

On 28 January 2010, Sara Gallman, Tim Herberg, and Kiri Jefferson were at a nightclub in downtown Greensboro. All three were students at University of North Carolina-Greensboro. They left the club around midnight and walked back toward Ms. Gallman's car in a nearby parking lot. As they walked through the lot, Mr. Herberg noticed two people standing at the far end of the lot. When the students approached Ms. Gallman's car, one of the individuals, later identified as Stimpson, walked up to the students, drew a handgun, and cocked it. He ordered the students into the car and demanded that they turn over their phones, wallets, and purses. Ms. Gallman got in the driver's seat, Mr. Herberg was in the front passenger's seat, and Ms. Jefferson went in the back seat. Defendant and Stimpson got into the back seat with Ms. Jefferson between them. As he was getting into the car, defendant shoved Ms. Jefferson to the ground and held her down until Stimpson told him to stop.

After everyone was in the car, Stimpson ordered Ms. Gallman to drive to an ATM. Stimpson threatened to hurt Ms. Jefferson if they did not follow his instructions. Ms. Gallman turned out of the parking lot onto a one-way street going the wrong direction. A police officer on patrol in an unmarked vehicle noticed the car and turned on his emergency lights. Stimpson ordered Ms. Gallman not to stop, so she drove around the unmarked car and ran several red lights. After several blocks, Ms. Gallman stopped and defendant and Stimpson jumped out of the car and fled on foot. Both were apprehended shortly thereafter. When defendant was apprehended, the police discovered Ms. Jefferson's purse in his pocket. Police recovered a gun from underneath the porch where they discovered Stimpson.

Defendant was indicted on three counts of second-degree kidnapping and three counts of robbery with a dangerous weapon. Defendant pleaded not guilty and proceeded to jury trial. The jury returned verdicts of guilty on all counts. The trial court sentenced him to consecutive terms of 64 to 86 months confinement for each of the three robbery convictions and a consecutive term of 24 to 38 months confinement for the three consolidated kidnapping convictions. Defendant gave oral notice of appeal in open court.

## II. Motion to Dismiss

Defendant first argues that the trial court erred in denying his motion to dismiss all of the charges against defendant because there was insufficient evidence that he acted in concert with his cousin. Defendant

further argues that the trial court erred in denying his motion to dismiss the charge of armed robbery as to Ms. Jefferson because there was insufficient evidence that he induced the victim to part with her property by use of a dangerous weapon.

A. Standard of Review

> The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence.

*State v. Lopez*, ___ N.C. App. ___, ___, 723 S.E.2d 164, 171-72, *disc. rev. denied*, ___ N.C. ___, 726 S.E.2d 850 (2012).

B. Acting in Concert

**[1]** Defendant first argues that the trial court erred in denying his motion to dismiss because there was insufficient evidence that he acted in concert with his cousin to perpetrate the charged crimes. Defendant contends that the evidence showed that he was merely present at the scene.

> The mere presence of the defendant at the scene of the crime, even though he is in sympathy with the criminal act and does nothing to prevent its commission, does not make him guilty of the offense. To support a conviction, the State's evidence must be sufficient to support a finding that the defendant was present, actually or constructively, with the intent to aid the perpetrators in the commission of the offense should his assistance become necessary and that such intent was communicated to the actual perpetrators. The communication or intent to aid, if needed, does not have to be shown by express words of the defendant but may be inferred from his actions and from his relation to the actual perpetrators.

*State v. Sanders*, 288 N.C. 285, 290-91, 218 S.E.2d 352, 357 (1975) (citations omitted), *cert. denied*, 423 U.S. 1091, 47 L.Ed. 2d 102 (1976).

It is undisputed that defendant was actually present at the scene of the crime. Further, the evidence here supports a reasonable conclusion that defendant was not only present with intent to aid, but that he actually aided in the kidnapping and robbery. "[C]oncert of action may . . . be shown by circumstances accompanying the unlawful act and conduct of the defendant subsequent thereto." *State v. Westbrook*, 279 N.C. 18, 42, 181 S.E.2d 572, 586 (1971), *death penalty vacated sub nom, Westbrook v. North Carolina*, 408 U.S. 939, 33 L.Ed. 2d 761 (1972).

Defendant was waiting in the parking lot with his cousin when the students walked by. He and his cousin went separate directions while his cousin brandished the gun. They then both approached the car as his cousin forced the students into the car at gunpoint. One of the students testified that while the police were chasing the car defendant would also yell at them to keep driving. Additionally, Ms. Jefferson testified that defendant was pushing her to the floor of the backseat until his cousin told him to stop. When the car eventually stopped, defendant fled from the police and took Ms. Jefferson's purse with him.[1]

This evidence, taken in the light most favorable to the State, supports a reasonable conclusion that defendant acted in concert with his cousin and was not "merely present." Defendant argues that there was evidence that his cousin pressured him into participating and that he was high on cocaine during the entire transaction. Indeed, his cousin told police that defendant had nothing to do with it. All of these issues, however, are "contradictions and discrepancies . . . for the jury to resolve and do not warrant dismissal." *State v. Hill*, 365 N.C. 273, 275, 715 S.E.2d 841, 843 (2011) (citation and quotation marks omitted).

C. Armed Robbery

[2] Defendant also argues that there was insufficient evidence that he or his cousin used a firearm to induce Ms. Jefferson to give up her purse and therefore the trial court should have granted his motion to dismiss as to that charge. We find defendant's argument unconvincing.

> Armed robbery is defined as the taking of the personal property of another in his presence or from his person without his consent by endangering or threatening his life with a firearm or other deadly weapon with the taker

---

1. We note that "evidence of flight does not create a presumption of guilt but is only some evidence of guilt which may be considered with the other facts and circumstances in the case in determining guilt." *State v. Stitt*, 201 N.C. App. 233, 251, 689 S.E.2d 539, 553 (2009) (citation and quotation marks omitted), *disc. rev. denied*, 364 N.C. 246, 699 S.E.2d 920 (2010).

knowing that he is not entitled to the property and the taker intending to permanently deprive the owner of the property. To be found guilty of robbery with a dangerous weapon, the defendant's threatened use or use of a dangerous weapon must precede or be concomitant with the taking, *or be so joined by time and circumstances with the taking as to be part of one continuous transaction. Where a continuous transaction occurs, the temporal order of the threat or use of a dangerous weapon and the taking is immaterial.*

*Stitt*, 201 N.C. App. at 249, 689 S.E.2d at 552 (citations, quotation marks, and brackets omitted) (emphasis added).

Defendant, citing *State v. Richardson*, 308 N.C. 470, 302 S.E.2d 799 (1983), contends that there was insufficient evidence that defendant used force concomitantly with his taking of Ms. Jefferson's belongings because the evidence showed that she dropped her purse when she "got into the car, and therefore did not have anything to turn over when Stimpson ordered the students to give up their belongings."

In *Richardson*, the Supreme Court held that there was insufficient evidence of armed robbery because the alleged victim threw his bag at the defendant during an altercation between the two of them, and then when he went to retrieve it defendant threatened him. *Richardson*, 308 N.C. at 472-73, 477, 302 S.E.2d at 801-02, 803-04. The present case is distinguishable from *Richardson*, however, because

[t]he evidence [in *Richardson*] conclusively showed that the defendant had no intent at that time to deprive the victim of his property and did not at that time "take" the property from him. It was only later after the victim had left the scene that the defendant went through the duffle bag and discovered the wallet. At that time, well after his use of a dangerous weapon, he first formed the intent to permanently deprive the owner of his property.

*State v. Hope*, 317 N.C. 302, 307, 345 S.E.2d 361, 364 (1986). Thus, in *Richardson*, the taking was not concomitant with use of a deadly weapon.

Here, by contrast, Ms. Jefferson dropped her purse in the car only after she was forced into the backseat at gunpoint. Stimpson ordered Ms. Jefferson to find the items they wanted and she handed over the belongings of Mr. Herberg and Ms. Gallman. There was no evidence that defendant directly took Ms. Jefferson's purse from her person. When he

was apprehended, however, the police discovered Ms. Jefferson's purse in defendant's pocket. The only logical inference from this evidence was that defendant took the purse and carried it away from the vehicle, which Ms. Jefferson was forced into at gunpoint. The kidnapping and the robbery were all part of one continuous transaction that began when Stimpson pointed a gun at the students and continued through the removal of the students' property from the car. Therefore, "the temporal order of the threat or use of a dangerous weapon and the taking is immaterial." *Stitt*, 201 N.C. App. at 249, 689 S.E.2d at 552.

We hold that the evidence, taken in the light most favorable to the State, was sufficient to support a reasonable conclusion that defendant took Ms. Jefferson's purse from her presence after his cousin threatened her with a firearm. Therefore, the trial court did not err in denying defendant's motion to dismiss this charge.

### III. Juror Misconduct

**[3]** Defendant next argues that the trial court "grossly abused its discretion" in failing to dismiss a juror after he made an inappropriate comment outside of the jury room after deliberations had started.

As the jurors were exiting the jury room for a break, juror 1 stated something to the effect of "Maybe I should bring my gun so that everyone feels what it would feel like, and I've got it in my car." Juror 10 notified the bailiffs about the statement. The trial court called juror 10 into the courtroom and asked him about the statement and whether he felt that he could remain fair and impartial. Juror 10 indicated that he could and the trial court so found, without objection. Juror 10 also mentioned that he thought juror 6 may also have overheard the comment. Next, the trial court called juror 6 into the courtroom and asked him whether he had overheard any inappropriate comments outside of the jury room. He said that he had not heard any such comments.

Finally, the trial court called juror 1 into the courtroom to ask him about the comment. The juror admitted making the comment and that he was responding to something that had been mentioned in deliberations. The trial court reiterated its instructions not to discuss the case or anything relating to the case outside of the jury room. The trial court then asked whether juror 1 felt that he could remain fair and impartial. Juror 1 said that he could, and the trial court so found, again without objection. After juror 1 returned to the jury room, the trial court made its findings of fact and concluded that the comments did not affect the ability of the jury to render a fair and impartial verdict. Defendant did not

object either to the findings or to the conclusion. Defendant also made no motion for a mistrial.

Both defendant and the State briefed this issue under the plain error standard. Defendant argues that the possibility of a biased juror implicates his right to due process. "It is well settled that an error, even one of constitutional magnitude, that defendant does not bring to the trial court's attention is waived and will not be considered on appeal." *State v. Wiley,* 355 N.C. 592, 615, 565 S.E.2d 22, 39 (2002), *cert. denied,* 537 U.S. 1117, 154 L.Ed. 2d 795 (2003). Moreover, "plain error review in North Carolina is normally limited to instructional and evidentiary error." *State v. Lawrence,* ___ N.C. ___, ___, 723 S.E.2d 326, 333 (2012) (citation omitted).

Defendant did not move for a mistrial after the trial court's investigation into the juror's conduct, nor did he object to any of the court's findings or conclusions. The alleged error does not concern either evidence or jury instructions. Defendant points to no case holding that this kind of error is automatically preserved. Therefore, this issue has not been properly preserved for our review and we do not address it.

## IV. Sentencing

**[4]** Defendant further argues that the trial court erred and abused its discretion in failing to consider evidence supporting the mitigating factor of age, immaturity or limited mental capacity. Defendant concedes that he was sentenced within the presumptive range for each conviction. "Since the court may, in its discretion, sentence defendant within the presumptive range without making findings regarding proposed mitigating factors, this Court has found no error in the failure to make such findings." *State v. Allah,* 168 N.C. App. 190, 197, 607 S.E.2d 311, 316 (citation and quotation marks omitted), *disc. rev. denied,* ___ N.C. ___, 618 S.E.2d 232 (2005. Because defendant "was sentenced for all offenses in the presumptive range, the trial court did not err in failing to make findings as to [the] mitigating factor[]" of age, immaturity or limited mental capacity. *Id.*

## V. Ineffective Assistance of Counsel

**[5]** Finally, defendant argues that he received ineffective assistance of counsel when his trial counsel failed to procure the assistance of an expert psychologist even after the trial court granted his motion for funds to do so. Nevertheless, defendant contends that the record on appeal is insufficient to determine whether he was prejudiced by the alleged failure because there is no evidence regarding what such an expert might

have said, why the trial counsel did not procure the help of the expert, or how such evidence would have impacted his ability to suppress statements he made to police.

> Ineffective assistance of counsel claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing. Therefore, on direct appeal we must determine if these ineffective assistance of counsel claims have been prematurely brought. If so, we must dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent motion for appropriate relief proceeding.

*State v. Campbell*, 359 N.C. 644, 691, 617 S.E.2d 1, 30 (2005) (citations, quotation marks, and brackets omitted), *cert. denied*, 547 U.S. 1073, 164 L.Ed. 2d 523 (2006).

Defendant argues that he received ineffective assistance of counsel, yet concedes that the evidence in the record on appeal is insufficient to support such a claim. Thus, defendant effectively concedes that his ineffective assistance claim was brought prematurely. Accordingly, we dismiss this claim without prejudice to his right to reassert it through a motion for appropriate relief. *See id.*

### VI. Conclusion

We hold that the trial court did not err in denying defendant's motion to dismiss as to any of the charges. We further hold that the trial court did not err in sentencing defendant within the presumptive range for all of his convictions without addressing the proposed mitigating factors. We did not address defendant's arguments concerning juror misconduct because he failed to preserve that issue for our review and we dismiss his ineffective assistance claim without prejudice.

NO ERROR, in part; DISMISSED, in part.

Judges STEPHENS and DILLON concur.