An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-532

NORTH CAROLINA COURT OF APPEALS

Filed:  21 October 2014

STATE OF NORTH CAROLINA

v.

Gaston County
Nos. 9 CRS 57022
       10 CRS 2984, 8273

TRAVIS KENYEL SANDERS


Appeal by defendant from judgments entered 9 January 2014, *nunc pro tunc* 22 July 2010, by Judge Jesse B. Caldwell, III, in Gaston County Superior Court.  Heard in the Court of Appeals 22 September 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Tiffany Y. Lucas, for the State.*

> *James N. Freeman, Jr., P.C., by James N. Freeman, Jr., for defendant-appellant.*


McCULLOUGH, Judge.


On 21 July 2010, a jury found defendant guilty of one count each of sale of cocaine and delivery of cocaine, of two counts of possession of cocaine, and of attaining habitual felon status.  The trial court consolidated his offenses into two judgments and sentenced him as an habitual felon to consecutive

active prison terms of 100 to 129 months. On direct appeal, we remanded to the trial court for resentencing "upon a single conviction for sale or delivery of cocaine" and "upon one conviction for possession of cocaine[.]" *State v. Sanders*, 215 N.C. App. 393, 716 S.E.2d 88 (2011) (unpublished), *cert. granted and remanded*, 367 N.C. 207, __ S.E.2d __ (2013) (unpublished). On remand, the trial court again sentenced defendant to two consecutive terms of 100 to 129 months' imprisonment. Defendant now appeals from these judgments.

Defendant claims the trial court erred in failing to find two mitigating factors at resentencing based on his uncontroverted evidence thereof. It is well-established, however, that a court need not enter written findings of aggravating and mitigating factors when imposing a sentence within the presumptive range. *State v. James*, __ N.C. App. __, __, 738 S.E.2d 420, 426 (2013) (quoting *State v. Allah*, 168 N.C. App. 190, 197, 607 S.E.2d 311, 316 (2005)). "As defendant was sentenced . . . in the presumptive range, the trial court did not err in failing to make findings as to mitigating factors." *Allah*, 168 N.C. App. at 197, 607 S.E.2d at 316.

No error.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).